UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In Re: | : | |
|    Albert L. Gauvreau | : | Chapter 7 |
| | : | Case No. 05-21862 |
|    Judith L. Gauvreau | : | |
| | : | ADVERSARY PROCEEDING |
| | : | NO:_____ |
| Thomas Worster and | : | |
| Barbara Worster, | : | |
|    Plaintiffs | : | |
| v. | : | |
| Judith Gauvreau and | : | |
| Albert L. Gauvreau, | : | |
|    Defendant | : | |

COMPLAINT TO DENY DISCHARGEABILITY,
PURSUANT TO 11 U.S.C. §523 (a)(2) and §523(a)(4)
And MOTION TO DISMISS PETITION PURSUANT TO §707(a)

1. Debtors are individuals with a residence located at 133 Ross Corner Road, Shapleigh, ME 04076.

2. Plaintiffs Thomas Worster and Barbara Worster are individuals with a residence at 290 Emery Mills Road, Shapleigh, ME 04076.

3. On September 26, 2005, Debtors filed a Petition for Bankruptcy relief under Chapter 13 of the Bankruptcy Code.

4. On August 29, 2006, Debtors filed a conversion to Chapter 7.

5. The Court has jurisdiction over the above-captioned Chapter 7 case pursuant to 28 U.S.C. §157(a), 1334(b), 1408(1), and the standing order of the United States District Court for the District of Maine dated August 1, 1984, pursuant to which all cases filed in Maine under the Code are automatically referred to this Court.

6.    This is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A)(B)(J) and (O). The Court may enter final orders, decrees and a judgment in this adversary proceeding.

7.    Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §1409(a).

8.    Defendants were defendants in a civil action in Maine District Court for the 10th District, in a matter captioned: <u>Thomas Worster and Barbara Worster v. Judith Gauvreau and Albert Gauvreau</u>, Docket #CV-05-004 ("the District Court case").

9.    In the District Court Case, Plaintiffs obtained a Default against Defendants. Under Maine law, all allegations of the Complaint are deemed admitted.

10.    A copy of the Complaint filed in the District Court case is attached hereto as Exhibit A. All of the allegations in the Complaint are incorporated by reference herein and have been determined by Maine Law to be admitted.

11.    Plaintiffs obtained a Default Judgment against Defendants in the District Court Case. A copy of the Judgment, dated March 2, 2005, is attached hereto as Exhibit B and incorporated herein by reference. A copy of the Judgment, dated May 4, 2005, ordering Defendants to pay the sum of $92,048.50, is attached hereto as Exhibit C and incorporated by reference herein.

12.    Defendants filed a Motion for Relief from Default Judgment and a Motion for Findings of Fact in the District Court. The District Court issued an Order on Post Judgment Motions, dated July 7, 2005, a copy of which is attached hereto

as Exhibit D and incorporated herein by reference. The Findings and Order are conclusive as to the liability of Defendants to Plaintiffs.

13. The Court has set a deadline of November 27, 2006 to file an objection Dischargeability.

Nondischargeability Under §523(a)(2)(A)

14. Bankruptcy Code §523(a)(2)(A) states, in relevant part:

> A discharge under [this section] of the title does not discharge an individual Debtor from any debt…for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by (A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor or an individual's insider financial condition.

15. The Judgment and Order, dated March 2, 2005, Exhibit B specifically finds:

> Plaintiffs [the Plaintiffs herein] have suffered financial loss as the result of fraud, theft and embezzlement perpetrated by Defendant Judith Gauvreau while she was in the employ of Plaintiffs.

16. The Judgment and Order, Exhibit B, specifically finds:

> The transfer by Judith Gauvreau to Defendant Albert L. Gauvreau of her interest in the real property located on Ross Corner Road in Shapleigh, Maine and described in deed recorded in the York County Registry of Deeds at book 14254, Page 783 constitutes a fraudulent transfer as defined by 14 M.R.S.A. §3751 et seq. entitling Plaintiffs to the remedies provided by 14 M.R.S.A. §3578.

17. The Judgment, dated May 4, 2005, Exhibit C, finds:

> Plaintiffs [Plaintiffs herein] are awarded Judgment against Defendant Judith Gauvreau in the amount of $92,048.50 in compensatory damages, Together with interest as provided by law.

18. The Judgment, dated May 4, 2005, Exhibit C finds:

> The transfer by Judith Gauvreau to Defendant Albert L. Gauvreau of her interest in the real property located on Ross Corner Road in

>   Shapleigh, Maine and described in deed recorded in the York
>   County Registry of Deeds at book 14254, Page 783 constitutes a
>   fraudulent transfer as defined by 14 M.R.S.A. §3751 et seq. and is hereby
>   set aside. The effect of this Judgment shall be to void said deed and
>   reinstate title in Judith Gauvreau and Albert L. Gauvreau as joint tenants.

19. The Judgment, dated May 4, 2005, Exhibit C finds and orders:

>   When issued, the Writ of Execution evidencing the money portion of
>   this Judgment shall encumber the interests of both of the Defendants
>   In the real property described in paragraph 2 above [referred to in
>   Paragraph 18 herein].

20. In addition to the findings of the Maine District Court, the Debtor, Judith Gauvreau has invoked the Fifth Amendment in response to questions in a deposition in the Chapter 13 Case. The questions were about whether she improperly issued checks, whether she forged the names of non-existent individuals on checks, and about whether she had reported all of the income she had received from all sources. The Court may draw inferences from this invocation of the Fifth Amendment, including an inference that the Debtor did, in fact, obtain funds from the Creditors under false pretenses.

### §523(a)(4) Nondischargeability

20. Code §523(a)(4) states, in relevant part:

>   A discharge under §727…of this title does not discharge an individual
>   Debtor from any debt - for fraud, or defalcation while acting in a fiduciary
>   capacity, embezzlement or larceny.

21. The findings of the District Court are conclusive that Defendant Judith Gauvreau appropriated funds for her own use or benefit, with fraudulent intent.

### §727(a)(2) Nondischargeability

22. Code §727(a)(2) states in relevant part,

>   The Court shall grant the Debtor a discharge unless.. (2) the Debtor,

4

with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed..

(A) Property of the Debtor within one year before the date of the filing of the Petition; or
(B) Property of the estate after the date of filing of the petition.

23. Debtor Albert Gauvreau participated in a conveyance of real property, with the intention of delaying or defrauding these creditors.

24. Both debtors have attempted to defraud the Creditors by proposing to sell the subject real estate for a price far below its fair market value.

## DISMISSAL UNDER §707(a)

25. §707(a), as was in effect in September, 2005, states in part: "The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including - (1) Unreasonable delay by the debtor that is prejudicial to creditors."  The current revision of the code requires an analysis of whether the petition had been filed in good faith.

26. The Debtors have engaged in a pattern of delay for nearly two years. They refused to respond to the Complaint in District Court until the last minute. They filed a notice of appeal to the Maine Law Court, and waited until the date when a brief was due, and filed a Chapter 13 Petition instead.  They delayed the Chapter 13 proceedings, including delays with providing tax information. They refused to respond to requests for status or further proceedings.  They moved several times for continuances in hearings on Creditors' Objection to Confirmation of Proposed plan.  The deadline for filing a final plan for

5

confirmation was August 31; one day before this was due, the Debtors filed a conversion to Chapter 7, starting a new process.  The debtors deliberately failed to attend the meeting of Creditors set for September 26, 2006;  they filed no request for a continuance and gave neither Creditors counsel or the Trustee any indication that they would not attend.  In short, the Debtors have taken the Worsters for a ride.

27.     The Creditors, Mr. and Mrs. Worster have already been injured by the actions of Mrs. Gauvreau in embezzling funds and by the actions of both Mr. and Mrs. Gauvreau in concealing assets.  They are now prejudiced and injured by the increased cost of further delays.

28.     The Chapter 13 Petition itself was filed in bad faith.  It was an attempt to discharge only this one obligation. It follows a series of previous bankruptcy proceedings. The Debtors were not able to meet payments under their Chapter 13 plan anyway, and they knew they would not able to do so.  They simply used the bankruptcy process to buy themselves a year under the protection of this Court.  In combination with the other factors described herein, the Debtors have shown a pattern of behavior that should not be rewarded by further protection.

WHEREFORE, Plaintiffs ask this Court to enter judgment in their favor and to dismiss both Petitions; alternatively, Plaintiffs ask the Court to deny the dischargeability of all obligations of both Debtors to Plaintiffs. Plaintiffs further request that this Court award to Plaintiffs all of the costs and attorney's fees incurred by them in this adversarial proceeding.

DATE: September 29, 2006

6

   s/*Stephen D. Bither*
Stephen D. Bither

Attorney at Law
PO Box 6762
Portland, ME 04103
207-774-7241
Maine Bar #3911
*sdbither@gwi.net*
Attorney for Plaintiffs

7

CERTIFICATE OF SERVICE

I certify that on this date service was made of the Complaint to Deny Dischargeability on the following parties, through the ECM System

James Molleur, Esq.
Attorney for Debtors

John Turner.
Chapter 7Trustee

United States Trustee


The following persons have not been served through this system, but will be served with a Complaint and Summons by mail in the usual manner:

Debtors
Albert Gauvreau
Judith Gauvreau
133 Ross Corner Road
Shapleigh, ME 04076


DATE:   September 29, 2006


                                      *S/Stephen D. Bither*
                                      Attorney for Plaintiffs